IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:05-CR-97-19FL4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DEMETRIO GARCIA QUINTANA | ) | |

This matter is before the court on the defendant's motion to sequester witnesses and motion for disclosure of exculpatory and mitigating information. The Government has responded to the motions and these matters are ripe for ruling.

1.  Motion to Sequester Witnesses

The defendant seeks an order excluding all Government witnesses from the trial proceedings prior to their testimony. The Government does not oppose the motion and requests that it apply to both Government and defense witnesses and to their out-of-court communications as well. The Government also states that it intends to have one case agent seated at counsel table during the course of the trial.

Rule 615 of the Federal Rules of Evidence authorizes the exclusion of witnesses "so that they cannot hear the testimony of other witnesses." Fed. R. Evid. 615. However, the court may not exclude a party who is a natural person, an authorized representative of a party which is not a natural person, and persons whose presence is either authorized by statute or essential to the presentation of a party's case. *Id.*

For good cause shown and in the interest of justice, the court GRANTS the defendant's

motion to sequester witnesses and ORDERS that all prospective witnesses for the Government and the defendant be excluded from the courtroom during trial so that they cannot hear the testimony of other witnesses, provided, however, that one case agent for the United States be excepted from this order and allowed to remain in the courtroom. The court further ORDERS that all witnesses who have testified be prohibited from discussing this case and their testimony with any prospective witnesses.

      2.      <u>Motion for Disclosure of Exculpatory and Mitigating Information</u>

           a.      <u>Disclosure of all promises or inducements</u>. The defendant first seeks disclosure of all promises or inducements offered by the Government to any witness that the Government intends to call at trial. In response, the Government states that some of the co-defendants in this case have entered into plea agreements which have been filed with the court and are available to counsel for the defendant. The Government further states that it will provide a copy of any plea agreements or motions for departure within four days of trial.

The court is satisfied that the defendant is entitled to the requested information as it relates to any witness who may testify at trial and that the Government understands its discovery obligations. As the Government has agreed to provide the requested information in advance of trial, the court finds that the defendant's motion is MOOT. In the event that the Government fails to provide the requested information at least four days prior to trial, then the defendant may seek any further relief that he deems appropriate.

           b.      <u>Disclosure of all Rule 404(b) evidence.</u> The defendant seeks production of all evidence or information that fits within the definition of Rule 404(b), Fed. R. Evid. The Government responds that it will provide notice to the defendant of its intent to offer any Rule

2

404(b) evidence within one week of trial.

Rule 404(b) of the Federal Rules of Evidence provides that, upon the request of the accused in a criminal case, the prosecution "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any [] evidence [pursuant to Fed. R. Evid. 404(b)] it intends to introduce at trial." Although the defendant's request for such information is proper, and required, under Rule 404(b), the Government has advised the court that it will provide such notice within one week of trial. The court finds that this is reasonable. Accordingly, the defendant's motion is GRANTED as it relates to notice of all Rule 404(b) evidence, provided that the Government provide such notice within one week of trial.

    c. <u>Disclosure of all non-law enforcement witnesses</u>. The defendant seeks disclosure of the full name, date of birth, and social security number of each non-law enforcement witness who the Government intends to call as a witness at trial, and a copy of such witness's complete criminal history. The Government has not addressed this request specifically in its response, but has acknowledged its obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Giglio,* 405 U.S. 150 (1972), to disclose any information that might arguably be used to impeach or discredit a government witness at trial.

The Fourth Circuit has interpreted Rule 16 of the Federal Rules of Criminal Procedure governing discovery and inspection as placing the decision regarding pre-trial disclosure of witness lists within the sound discretion of the trial court. *United States v. Fletcher*, 74 F.3d 49, 54 (4th Cir. 1996); *United States v. Anderson,* 481 F.2d 685, 693 (4th Cir.1973); *United States v. Jordan,* 466 F.2d 99, 101 (4th Cir.1972), *cert. denied,* 409 U.S. 1129, 93 S.Ct. 947, 35 L.Ed.2d

262 (1973). Exchanges of witness lists are not mandatory. *Fletcher*, 74 F.3d at 54.

The defendant has failed to articulate a special showing of need to support his request for the detailed and extensive information sought. Nonetheless, to the extent that the Government is aware or becomes aware of any information pertaining to any witness it intends to call at trial which must be disclosed pursuant to *Brady* and *Giglio*, the Government must disclose such information within a reasonable time in advance of trial.

      d.    <u>Disclosure of witness statements.</u> The defendant further seeks disclosure of all statements of any witnesses. Although the Government does not object to providing any witness statements that would be subject to The Jencks Act, 18 U.S.C. § 3500, the Government objects to providing such statements any earlier than one week prior to trial.

The Jencks Act codified the Court's decision in *Jencks v. United States*, 353 U.S. 657 (1957), that a criminal defendant has a right to examine for impeachment purposes any prior statements made by government witnesses. *See* 18 U.S.C. § 3500. However, the defendant has no right to inspect *Jencks* material until after the witness has testified on direct examination. 18 U.S.C. § 3500(b); *United States v. Lewis,* 35 F.3d 148, 151 (4th Cir. 1994). Accordingly, the defendant's motion is GRANTED to the extent that the Government must provide the requested witness statements one week prior to trial.

      e.    <u>Disclosure of internal affairs or other law enforcement agency files indicating any disciplinary proceedings or reports pertaining to any treatment for psychological or psychiatric disorder.</u> The defendant seeks any internal affairs or other disciplinary files for any law enforcement witness that might tend to impeach the credibility of the witness, and any files that would indicate whether any witness offered by the Government has been treated for any

4

psychological or psychiatric disorder. The Government has responded that it has produced any exculpatory or impeaching materials that it is required to disclose under *Brady*. To the extent that the defendant's request seeks information outside the disclosures required by *Brady*, it is denied. The Government shall comply with any ongoing discovery obligations as required by the Federal Rules of Criminal Procedure and *Brady*.

This the  22nd  day of February, 2006.

Christina L. Demory
United States Magistrate Judge