IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:05-CR-97-FL-19
7:08-CV-13-FL

| | | |
|---|---|---|
| DEMETRIO QUINTANA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE # 673) of petitioner Demetrio Quintana (hereinafter "petitioner"). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William A. Webb entered a memorandum recommending that the court deny and dismiss petitioner's § 2255 petition. Petitioner timely filed an objection to the memorandum and recommendation (hereinafter "M&R"), and respondent the United States of America (hereinafter "respondent") filed a response. In this posture, the matter is ripe for ruling. For the reasons that follow, the court rejects petitioner's objection to the M&R and denies petitioner's § 2255 petition.

STATEMENT OF THE CASE

On September 22, 2005, petitioner was indicted for conspiracy to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). Petitioner entered a plea of guilty on September 19, 2006 to a criminal information. On February 22, 2007, this court sentenced petitioner to one hundred fifty-one (151) months imprisonment. Petitioner did not file an appeal.

Petitioner filed his § 2255 petition on January 24, 2008. In his petition, petitioner asserts that his attorney, William T. Peregoy, was ineffective because he failed to file a notice of appeal at petitioner's request. On April 7, 2008, respondent filed a response to petitioner's § 2255 petition, and requested that the court hold an evidentiary hearing to determine the issue. Then, on April 16, 2008, the court referred the matter to the magistrate judge for the evidentiary hearing. On April 18, 2008, the court directed the Federal Public Defender to appoint a panel attorney to represent petitioner in this action.

The magistrate judge conducted the evidentiary hearing on June 5, 2008. In M&R filed on July 22, 2008, the magistrate judge found that petitioner did not instruct attorney Peregoy to file an appeal on his behalf. The magistrate judge also found that attorney Peregoy had a duty to consult with petitioner about filing an appeal because petitioner expressed an interest in an appeal at the sentencing hearing. The magistrate judge further found that attorney Peregoy failed to fulfill his duty, but that petitioner was not prejudiced by his counsel's deficient performance based upon the facts surrounding the petitioner's guilty plea and the lack of non-frivolous grounds for appeal. Accordingly, the magistrate judge found that attorney Peregoy's failure to file an appeal was not constitutionally deficient and recommended that petitioner's § 2255 petition be DISMISSED.

Petitioner filed an objection to the M&R, arguing that the testimony at the evidentiary hearing established that petitioner did in fact instruct his attorney to file a notice of appeal. On August 7, 2008, respondent filed a response to petitioner's objection to the M&R.

2

## DISCUSSION

I.  Standard of Review

The district court conducts a *de novo* review of those portions of a magistrate judge's M&R to which specific objections are filed. See 28 U.S.C. § 636(b). Upon careful review of the record, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Because a proceeding to vacate a judgment of conviction is a civil collateral attack, the burden of proof rests upon petitioner to establish a denial of constitutional rights by a preponderance of the evidence. Johnson v. Zerbst, 304 U.S. 458, 468-69 (1938); Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

II. Analysis

Petitioner objects to the magistrate judge's finding that attorney Peregoy's failure to file an appeal did not amount to ineffective assistance of counsel pursuant to the Supreme Court's ruling in United States v. Peak, 992 F.2d 39 (4th Cir. 1993). Specifically, petitioner argues that he did in fact instruct attorney Peregoy to file an appeal on his behalf.

Generally, a claim of ineffective assistance of counsel is resolved by application of the widely accepted two-part analysis announced in Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must demonstrate that his counsel's acts or omissions fell outside the range of reasonably competent assistance. Id. at 690. If the petitioner establishes that his counsel's performance fell outside the acceptable range, he must then satisfy Strickland's second prong by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. However, the Fourth Circuit has held that an attorney's

3

failure to file a notice of appeal when expressly instructed to do so by his client constitutes ineffectiveness notwithstanding the likelihood of success on appeal because failure to file the requested appeal deprives the petitioner of his Sixth Amendment right to assistance of counsel on direct appeal altogether. See Peak, 992 F.2d at 42.

Petitioner claims that his statements at his sentencing hearing support his claim that he requested that attorney Peregoy file an appeal on his behalf. At the evidentiary hearing before the magistrate judge, petitioner testified that he spoke with attorney Peregoy about filing an appeal during his sentencing hearing. (Evid. Hearing Tr. p. 7, ls. 9 - 21.) Petitioner stated that he did not have any further conversations with his attorney about filing an appeal after the conclusion of his sentencing hearing. (Id. p. 7, ls. 20-22.) The transcript from petitioner's sentencing hearing reflects the following exchange:

> THE COURT: You can appeal your conviction if you believe your guilty plea was unlawful or involuntary, or if there's something fundamentally wrong with this proceeding. You've got a statutory right to appeal your sentence, particularly if you think it goes against law.
> Now, with very few exceptions, any notice of appeal has to be filed within ten days of judgment going on the docket. If you cannot afford the cost of an appeal, you can apply for permission to appeal for free. And, if you request, the clerk will prepare and file a notice of appeal for you. Do you have any questions about your appeal rights?
>
> THE DEFENDANT: What does the attorney have to say?
>
> MR. PEREGOY: I'll be happy to discuss it with him and explain that he has ten days to make that decision, your Honor.
>
> THE COURT: Okay.
>
> MR. PEREGOY: I would suspect that his primary concern was the third point for acceptance. I understand the legal reasoning. For the

4

record, on behalf of the defendant, I renew that the Court find that the three points was acceptable. And I know you don't have the legal support to do it, but–

THE COURT: All right. Well, that's on the record.

(Sen. Tr. pp. 33-34.)

Attorney Peregoy also testified at the evidentiary hearing before the magistrate judge. Attorney Peregoy testified that petitioner never instructed him to file a notice of appeal. (Evid. Hearing Tr. p. 18, l. 11.) In particular, attorney Peregoy stated:

> Q: Okay, Moving on to the time–well, first off, during the trial, did Mr.Quintana say anything to you about an appeal–I am sorry. During the sentencing, did he–During the time you were in court with Judge Flanagan, did he make any statements or comments to you about an appeal?
>
> A. He did not make any statements to me about an appeal. But when Judge Flanagan went through his appellate rights–and she went through them quite exhaustively–he acknowledged to her, yes, I understand, and then intimated to me that he wanted to speak to me about that, or he wanted to speak to me. I don't know if it was about that issue. Because at that particular time, the majority of the conversations we were having dealt with the fact that he was angry that he had been injured in jail and that his shoulder had been seriously injured, and the guards had beaten him, and that I did not present that evidence to the court that he had a civil rights action that he wanted to be filed. That was his primary concern.

(Id. p. 18, ls. 5-24.)

Attorney Peregoy further testified that he spoke with petitioner following the sentencing hearing and that petitioner did not instruct him to file a notice of appeal at that time. (Id. p. 20, ls. 23-25.) Attorney Peregoy stated that if petitioner had requested an appeal he would have filed one, or filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). (Id. p. 22, ls. 11-17.)

5

As found by the magistrate judge, by a preponderance of the evidence, Johnson, 304 U.S. at 468, petitioner did not direct his attorney to file an appeal on his behalf. By petitioner's own admission, the only appeal-related exchange between petitioner and his counsel occurred when the court asked petitioner if he had any questions about his appeal rights, to which petitioner responded: "[w]hat does the attorney have to say?" (Sen. Tr. p. 33, ls. 21-22.) At this time, attorney Peregoy responded by informing the court that he'd "be happy to discuss it with him and explain that he has ten days to make that decision. . . ." (Id. p. 33, ls. 23-25.) There was no further discussion about petitioner's appeal at this time. From attorney Peregoy's statements during petitioner's sentencing hearing, it is clear that he intended to discuss petitioner's appeal rights with him in the future. However, based upon a review of the language contained in the evidentiary hearing transcript and sentencing transcript, there is no evidence that petitioner expressly instructed attorney Peregoy to file an appeal. Accordingly, petitioner's objection on this issue is without merit.

## CONCLUSION

For the reasons stated, petitioner's objection to the M&R is without merit. Accordingly, the court hereby ADOPTS the M&R of the magistrate judge as its own, and for the reasons stated therein, petitioner's § 2255 petition (DE # 673) is DISMISSED. The Clerk of Court is DIRECTED to close the case file.

SO ORDERED, this the 15 day of June, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge